**LEACH KERN GRUCHOW ANDERSON SONG**
SEAN L. ANDERSON
Nevada Bar No. 7259
sanderson@lkglawfirm.com
RYAN D. HASTINGS
Nevada Bar No. 12394
rhastings@lkglawfirm.com
2525 Box Canyon Drive
Las Vegas, NV 89129
Telephone:    (702) 538-9074
Facsimile:    (702) 538-9113

**SQUIRE PATTON BOGGS (US) LLP**
David S. Norris *(pro hac vice* forthcoming*)*
david.norris@squirepb.com
2325 E Camelback Rd, Suite 700
Phoenix, AZ, 85016
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Attorney for Defendant Financial Industry Regulatory Authority, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SCAP 9, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., a Delaware Corporation,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE THAT** Defendant Financial Industry Regulatory Authority, Inc. ("FINRA") hereby removes this matter from the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas to this Court pursuant to 28 U.S.C. §§ 1441 and 1446

on the grounds that this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 78aa and 28 U.S.C. §§ 1331, 1332, and 1367.

## I.   BACKGROUND

1. On July 22, 2022, Plaintiff SCAP 9, LLC ("Plaintiff") filed a complaint in the Ninth Judicial Court of the State of Nevada, captioned *SCAP 9, LLC vs. Financial Industries [sic] Regulatory Authority, Inc.*, Case No. 2022-CV-00130 (the "Complaint").

2. A copy of all process, pleadings, and orders served upon FINRA are attached at **Exhibit A** to this Notice of Removal, as required by 28 U.S.C. § 1446(a).

3. At its core, the Complaint challenges the validity and merits of FINRA's disciplinary proceeding against Alpine Securities Corporation ("Alpine"), Plaintiff's affiliated lessee and a FINRA member firm. Plaintiff asserts that FINRA's regulatory actions in connection with the disciplinary proceeding "impair and interfere with both Alpine's and SCAP 9's rights and obligations" and "deprive SCAP 9 of property in violation of its right to due process and compensation." Compl. ¶ 19.

### A.   FINRA

4. The Securities Exchange Act of 1934 (the "Exchange Act") requires securities brokers to join an association of brokers and dealers registered as a national securities association. 15 U.S.C. § 78o(a)(1), (b)(1). Registered national securities associations such as FINRA—known as "self-regulatory organizations" or "SROs"—must establish rules "designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade," and "to protect investors and the public interest." *Id*. §§ 78o-3(b)(6), 78s. The Securities and Exchange Commission (the "SEC") reviews and approves all SRO rules. *Id.* § 78s(b)(1). If a broker-dealer violates an SRO's rules or the statutes and regulations under the Exchange Act, "the [SRO] can—indeed, must—levy sanctions that carry the force of federal law." *Turbeville v. FINRA*, 874 F.3d 1268, 1270 (11th Cir. 2017); 15 U.S.C. § 78o-3(b)(7).

5. FINRA is an SRO registered with the SEC as a national securities association. *See Turbeville*, 874 F.3d at 1270. FINRA's disciplinary process is governed by the FINRA Code of Procedure. *Id.* at 1271. The Exchange Act and FINRA Code of Procedure set forth a

comprehensive and exclusive hearing and appeals process that governs disciplinary actions against FINRA-member firms. *Id. at* 1271. After FINRA formally charges a firm by filing a complaint, FINRA's Office of Hearing Officers ("OHO") conducts a hearing to determine whether a violation occurred, and, if so, imposes sanctions. *See* FINRA Rule 9200 *et seq*. The firm may appeal the hearing panel's finding and sanctions to FINRA's appeals board, the National Adjudicatory Council. *See* FINRA Rule 9311(a). The firm may also seek *de novo* review of the NAC's decisions in the SEC. 15 U.S.C. § 78s(d)(2). Finally, "a person aggrieved" by the SEC's decision may appeal to a specified United States Court of Appeals. *Id*. § 78y(a)(1).

### B. FINRA's Enforcement Action Against Alpine Securities Corporation

6. On March 22, 2022, after a lengthy hearing, the OHO issued a written decision sanctioning Alpine. Compl. ¶ 16; *see also* Extended Hearing Panel Decision (the "Decision") (Mar. 22, 2022), attached hereto as **Exhibit B**. The Decision found Alpine had violated five separate FINRA Rules through thirteen separate practices. *Id.* at 83–84. The Decision found that Alpine misused customer funds and securities, engaged in unauthorized trading, charged customers unfair prices in securities transactions, and imposed unreasonable fees on customer accounts, all in violation of various FINRA rules. *Id.* The Decision expelled Alpine from FINRA membership and ordered Alpine to pay more than $2.3 million in restitution to its customers as a result of Alpine's misconduct. *Id.* at 84–86.

7. The Decision also found that Plaintiff was an "affiliated entity" to Alpine as both Plaintiff and Alpine are owned and controlled by John Hurry, the Hurry family, or the Hurry family's trusts. *Id.* at 8–10. Plaintiff owns the building Alpine operates in and leases that property to Alpine, but Plaintiff SCAP 9, LLC "does not own any real estate other than the building in which Alpine Securities is housed and does not engage in any business other than owning and leasing that building to Alpine Securities; there are no other tenants." *Id.*

8. The Decision found that Alpine had violated FINRA Rule 4110 by making certain payments to Plaintiff. FINRA Rule 4110 prohibits FINRA members from withdrawing or paying affiliated entities an amount that exceeds 10% of the member's excess net capital in any 35 rolling calendar day period. *See* FINRA Rule 4110.

9. The Decision found that Alpine's payment of $610,373 to Plaintiff in March 2019 for "common area maintenance" ("CAM") fees "was in reality an unauthorized withdrawal of capital" in violation of FINRA Rule 4110. Decision at 69. Plaintiff had previously billed Alpine for "approximately $4,600 to $8,000" in monthly CAM fees. *Id.* at 66. The Decision thus found it "incredible and unsupported" that the "unprecedented $610,373" invoice was for legitimate expenses, especially when Alpine could not "identify expenses of any kind that could possibly justify the amount billed." *Id.* at 66–69.

    **C.**    **Alpine Appeals the Decision and Plaintiff Files this Lawsuit**

10. Alpine appealed the Decision to FINRA's National Adjudicatory Council on April 15, 2022, and the appeal is pending. *See* Notice of Appeal, attached hereto as **Exhibit C**.

11. On July 22, 2022, Plaintiff filed the Complaint.

12. The Complaint is a collateral attack on FINRA's enforcement proceeding against Alpine and the OHO's Decision. The Complaint alleges that FINRA "commenced an administrative proceeding against Alpine under and pursuant to FINRA's internal rules, policies and procedures" (Compl. ¶ 12), that FINRA argued Plaintiff's CAM invoice to Alpine "was 'not [a] normal business transaction' but was instead a 'sham transaction'" (*id.* ¶ 13), that "Alpine maintained" at the hearing that the CAM payments "constituted business expenses" (*id.* ¶ 14), that the "undisputed evidence at the hearing" showed Plaintiff had billed Alpine for these expenses (*id.* ¶ 15), and that the Decision found that Plaintiff's CAM invoice "was a 'sham,' not a business transaction, and could therefore be characterized as an unauthorized capital withdrawal by Alpine" (*id.* ¶ 16). The Complaint alleges that "the Decision had the effect of precluding Alpine from paying rent, OCSR, Tax Share Rent or other contractual obligations [to Plaintiff] unless those amounts are less than 10% of its net capital in the relevant period." *Id.* ¶ 17. The Complaint further alleges that the Decision "impair[s] and interfere[s] with both Alpine's and [Plaintiff's] rights and obligations under its contract and deprive[s] [Plaintiff] of property in violation of its right to due process." *Id.* ¶ 19.

13. The Complaint asserts four claims against FINRA purportedly based upon the OHO's Decision: (1) intentional interference with contract; (2) deprivation of property "without

due process of law and without just compensation" in violation of the Fifth Amendment to the U.S. Constitution; (3) deprivation of property without due process of law and without just compensation in violation of Article I, section 8 of the Nevada Constitution; and (4) a declaratory judgment that "Plaintiff's due process rights have been violated and its property taken in violation of the State and Federal Constitutions." *Id.* ¶¶ 26–36. For relief, Plaintiff seeks monetary damages, attorneys' fees, declaratory judgment, and "such equitable relief as may be necessary and appropriate to enjoin or prevent [FINRA] from further violation [sic] of [Plaintiff's] state and federal constitutional rights." *Id.* at 7 (prayer for relief).

## II. GROUNDS FOR REMOVAL

### A. Exclusive Federal Jurisdiction Exists under 15 U.S.C. § 78aa.

14. Section 27 of the Exchange Act vests federal courts with "exclusive jurisdiction" for violations of the Exchange Act or the rules and regulations thereunder, and for "all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules or regulations thereunder." 15 U.S.C. § 78aa. Section 27 thus confers "exclusive federal jurisdiction of the same suits as 'aris[e] under' the Exchange Act pursuant to the general federal question statute." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 380 (2016) (citing 15 U.S.C. § 78aa(a)).

15. State law claims "arise under" federal law if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In a prior case that Hurry's affiliated entities brought against FINRA, this Court held that state law claims challenging FINRA's regulatory actions arise under the Exchange Act's exclusive grant of federal jurisdiction. *Pee Pee Pop Tr. v. FINRA*, No. 3:19-cv-00240-MMD-CBC, at *3–*4, 2019 U.S. Dist. LEXIS 165024 (D. Nev. Sep. 26, 2019) (federal question jurisdiction exists because "[a]lthough it invokes state law as the basis for relief, the Complaint 'is on its face a challenge to FINRA's application of its internal rules in exercising its regulatory authority under the Exchange Act.'"); *see also Turbeville*, 874 F.3d at 1273 ("suits against SROs like FINRA for

-5-

violating their internal rules 'arise under' the Exchange Act of 1934 and therefore fall under the Act's grant of exclusive jurisdiction").

16. Exclusive federal question jurisdiction thus exists over all of Plaintiff's claims under 15 U.S.C. § 78aa and 28 U.S.C. § 1331. Plaintiff's claims are a collateral attack against an ongoing "administrative proceeding against Alpine under and pursuant to FINRA's internal rules, policies and procedures." Compl. ¶ 12. The Complaint even seeks "equitable relief as may be necessary and appropriate ***to enjoin or prevent*** [FINRA] from further violation [sic] of [Plaintiff's] state and federal constitutional rights" through that ongoing enforcement proceeding. Compl. at 7 (prayer for relief). Again, as this Court has previously ruled, the Complaint thus "necessarily raise[s] a stated federal issue" because "the Complaint is on its face a challenge to FINRA's application of its internal rules in exercising its regulatory authority under the Exchange Act." *Pee Pee Pop*, No. 3:19-cv-00240-MMD-CBC, at *3–*4.

**B.   Federal Question Jurisdiction Exists under 28 U.S.C. § 1331.**

17. Federal district courts also "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

18. The Complaint asserts a claim under the Due Process Clause and Takings Clause of the Fifth Amendment to the U.S. Constitution. Compl. ¶ 31 (FINRA "has deprived Plaintiff of its constitutionally protected right to property without due process of law and without just compensation in violation of the 5th Amendment to the U.S. Constitution."). This claim obviously "aris[es] under the Constitution . . . of the United States" for purposes of federal question jurisdiction. 28 U.S.C. § 1331; *see also Ondrisek v. U.S.C.I.S.*, No. 2:18-cv-00411-APG-CWH, 2019 U.S. Dist. LEXIS 162823, at *3 (D. Nev. Sep. 23, 2019) ("Because they allege a due process claim under the United States Constitution, their claim is a federal question arising under federal law, as § 1331 requires.").

19. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

20. This Court thus has supplemental jurisdiction over Plaintiff's state law claims under the due process and takings clause of the Nevada constitution and for intentional interference with contract or declaratory relief, because these claims arise from the exact same allegations and are part of the same case or controversy. *See, e.g.*, *FDIC v. Banc of Am. Secs. LLC*, No. 2:12-CV-532 JCM (RJJ), 2012 U.S. Dist. LEXIS 97939, at *5 (D. Nev. July 13, 2012) ("Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims.").

### C. Diversity Jurisdiction Exists under 28 U.S.C. § 1332.

21. Federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. A corporation is a citizen of its state of incorporation and where it maintains its principal place of business. *Id.* § 1332(c). For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

22. FINRA is a Delaware corporation with its principal place of business in Washington, District of Columbia. *Webb v. FINRA*, 889 F.3d 853, 856 (7th Cir. 2018).

23. Plaintiff is a Nevada LLC with its principal place of business in Douglas County, Nevada. Compl. ¶ 1. Upon information and belief, the ultimate owners and members of Plaintiff are John Hurry and his family, who are not citizens of either Delaware or Washington, D.C. *See* Decision at 5–10.

24. The Complaint also meets the minimum amount in controversy. Plaintiff alleges that its damages are "substantially in excess" of $50,000. Compl. ¶ 22. The Complaint also challenges the OHO's Decision that Alpine's $610,373 payment to Plaintiff violated FINRA Rule 4110 and the resultant cease and desist order, which prohibits Alpine from making payments to affiliates like Plaintiff that exceed 10% of Alpine's excess net capital within any 35 day rolling calendar period. *Id.* ¶¶ 11, 17.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

25. The United States District Court for the District of Nevada is the proper place to file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) because this district and division embraces the place where the removed action has been pending.

26. The Summons and Complaint were served upon FINRA's registered agent on July 28, 2022. FINRA has thus timely filed this Notice of Removal within 30 days of its receipt of a copy of the Complaint in accordance with 28 U.S.C. § 1446(b).

27. Pursuant to 28 U.S.C. § 1446(d), FINRA will promptly file a copy of this Notice of Removal with the Clerk of the Ninth Judicial District Court of Douglas County, Nevada.

28. Written notice of the filing of the Notice of Removal will be served on Plaintiff as required by 28 U.S.C. § 1446(d).

### IV. CONCLUSION

WHEREFORE, Defendant Financial Industry Regulatory Authority, Inc. removes Plaintiff's state court action from the Ninth Judicial District Court of Douglas County, Nevada to this Court.

RESPECTFULLY SUBMITTED this 26th day of August 26, 2022

**LEACH KERN GRUCHOW ANDERSON SONG**

*/s/ Ryan D. Hastings*
Sean L. Anderson
Nevada Bar No. 7259
Ryan D. Hastings
Nevada Bar No. 12394
2525 Box Canyon Drive
Las Vegas, NV 89129

-8-

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), the undersigned, an employee of LEACH KERN GRUCHOW ANDERSON SONG, hereby certifies that on the 26th day of August, 2022, a copy of the foregoing, **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court for the United States District Court by using the Court's EM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List as follows:

William E. Peterson
Nevada Bar No. 1528
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Email: wpeterson@swlaw.com

>*/s/ Yalonda Dekle*
>An Employee of LEACH KERN GRUCHOW ANDERSON SONG