UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SCAP 9, LLC,<br><br>                          Plaintiff,<br>       v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>                          Defendant. | Case No. 3:22-cv-00380-MMD-CLB<br><br>ORDER |

Plaintiff SCAP 9, LLC asserts claims for intentional interference with contract, and alternatively, for a taking without due process or just compensation under the federal and Nevada constitutions, against Defendant the Financial Industry Regulatory Authority, Inc. based on the allegation that Defendant designated a payment due Plaintiff under a lease agreement with Plaintiff's affiliated entity Alpine Securities Corporation a sham payment in a written order resolving a disciplinary proceeding against Alpine and forbade Alpine from making the payment to Plaintiff. (ECF No. 1-1.) Before the Court is Defendant's motion to dismiss.[1] (ECF No. 7 ("Motion").) Because Plaintiff's claims are alternatively barred under the doctrine of regulatory immunity and because Plaintiff lacks a private right of action against Defendant under these circumstances—and as further explained below—the Court will grant the Motion.

Plaintiff's Complaint explicitly challenges a written decision rendered by Defendant's hearing officers at the conclusion of an enforcement proceeding brought by Defendant against Alpine. (ECF No. 1-1 at 6-8.) Thus, "underlying all of [Plaintiff's] allegations contained in its complaint is [Defendant's] conduct undertaken under the authority delegated to it by the Exchange Act." *P'ship Exch. Sec. Co. v. Nat'l Ass'n of*

---

[1]Plaintiff filed a response (ECF No. 17) and Defendant filed a reply (ECF No. 20).

*Sec. Dealers, Inc.*, 169 F.3d 606, 608 (9th Cir. 1999). Plaintiff's claims are accordingly barred. *See id.*; *see also Pee Pee Pop Tr. v. Fin. Indus. Regul. Auth., Inc.*, Case No. 3:19-cv-00240-MMD-CBC, 2019 WL 4723788, at *4 (D. Nev. Sept. 26, 2019) ("FINRA is otherwise entitled to regulatory immunity here because the allegations and relief sought in the Complaint focus on FINRA's application of [its] own rules in an ongoing enforcement proceeding"). Plaintiff attempts to resist this conclusion by arguing Defendant exceeded its regulatory authority in determining that the lease agreement between Plaintiff and Alpine was a sham. (ECF No. 17 at 6-7.) However, Plaintiff is incorrect. "[R]egulatory immunity bars many of Plaintiffs' claims, including those claims alleging that Defendants exceeded the scope of their regulatory and investigatory authority." *Hurry v. Fin. Indus. Regul. Auth., Inc.*, 782 F. App'x 600, 602 (9th Cir. 2019) (citation omitted).

Alternatively, the Court also agrees with Defendant (ECF No. 7 at 11-13) that Plaintiff lacks a private right of action against Defendant under these circumstances. *See Pee Pee Pop Tr.*, 2019 WL 4723788, at *3-*4. Despite acknowledging *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 681 (9th Cir. 1980) (finding no private right of action for violations of stock association rules), Plaintiff counters that it should have a private right of action because it would otherwise have no remedy for its loss—the $610,373 Alpine purportedly owed it under the lease agreement. (ECF No. 17 at 7-9.) But this argument, too, is simply incorrect. The appeal rights in the Securities Exchange Act of 1934 (the "Exchange Act") are provided to any "person aggrieved," not just Defendant's members. *See* 15 U.S.C. § 78y(a)(1). In any event, Plaintiff lacks a private right of action against Defendant under the Exchange Act for the actions described in Plaintiff's own Complaint (ECF No. 1 at 6-8), where Defendant was performing "its self-regulatory duties under the [Exchange] Act." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016).

It is therefore ordered that Defendant's motion to dismiss (ECF No. 7) is granted.

///

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed in its entirety, with prejudice, as amendment would be futile.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 30th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE